## Lowrey *against* Tracey.

A judgment opened and defendant let into a defence upon the merits is not an action pending, such as is subject to the provisions of the compulsory arbitration act.

ERROR to the Common Pleas of *Erie* county.

A judgment having been entered upon a warrant of attorney, at the suit of Nathaniel A. Lowrey against Burrell Tracey, for $450, on affidavit of the plaintiff, the court opened it and let the defendant into a defence on the merits; the lien to remain. The defendant then proceeded to refer the case to arbitrators under the compulsory arbitration act; which the plaintiff objected to in all its stages, and upon an award being made for the defendant, moved to set it aside, but the court overruled the motion and the plaintiff sued out this writ of error.

*Galbreath* and *Pearson*, for the plaintiff in error, cited 8 *Watts* 424 : 39 Sec. of the Arbitration Act.

*Walker*, contra, cited 1 *Rawle* 341; 2 *P. R.* 165; 10 *Watts* 130.

[Lowrey v. Tracey.]

The opinion of the court was delivered by

GIBSON, C. J.—The opening of a judgment, as it is called, has not the supposed effect of turning the cause into an action pending within the meaning of technical language or the compulsatory arbitration act. The phrase, though current on the bench and at the bar, is strictly an inaccurate one; for we cannot conceive it possible that a judgment which is left to stand as a security for what may be due, could retain its lien if its jaws were unclosed. Yet that it shall so stand, is a principal condition on which the applicant is let into a defence, and without which the opening of the judgment would be a dissolution of it equivalent to setting it aside. It is in effect, however, an award of a collateral issue to try the facts alleged in the defendant's affidavit; and it is, in this respect, like a feigned issue sent from chancery to a court of law, which is moulded by the Chancellor, who directs what facts are to be tried, the evidence to be given, and the parts of the case to be confessed; and who retains also a right to control the verdict by granting a new trial. The time has been when the same practice was observed by our courts in the granting and trying of issues like the present, but inexperience of prothonotaries from the in- creased activity of the principle of rotation, and looseness of prac- tice from the inattention of the profession to matters of detail, have led to an almost entire neglect of these admirable precau- tions; and though every thing not denied in the affidavit ought to be taken *pro confesso*, the parties are now usually left to try the cause at large, the plaintiff making out his case on original grounds, and the defendant being allowed to make defence without regard to his affidavit. This throwing open of the whole case has led to a misconception of the nature of such an issue, which reflects very little credit on the forecast of the judges; but as the matter be- longs to their discretion, it is not the province of an appellate court to control them in the exercise of it. Still there may be such a thing as the award of an issue on special terms, and where that occurs, they can be enforced only by his own superintendence at the trial: certainly not in a trial before arbitrators. Nor could the judge's conscience be so well informed by the result, which would thus be put beyond his control. Moreover, the plaintiff ought not to be subjected to unnecessary or unreasonable delay, by a proceeding which is accorded to the defendant as a matter of grace, not of right; and hence, as he was bound to take short notice of trial, it was the practice formerly to order the issue to be put at the head of the trial list. But the plaintiff would be exposed to endless vexation and delay, if he were compelled to go first before arbitrators and come back into court by appeal before he could have a trial by jury on the terms ordered by the court. To arbitrate such an issue would not comport with the principle of *festinum remedium*. It would be just as rational to arbitrate a writ of inquiry of damages, which is also a proceeding to in-

form the conscience of the court, or an interlocutory judgment, which the court itself may liquidate without the interposition of an inquest. The court below, then, ought to have quashed the rule of arbitration with the proceedings pursuant to it.

Judgment reversed, and a *procedendo* awarded.